**UNITED STATES DISTRCIT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO.**    4:23CV-76-GNS

**\*\*\*ELECTRONICALLY FILED\*\*\***

| | | |
|---|---|---|
| **ROBIN E. GIBSON** | ) | **PLAINTIFF** |
| | ) | |
| v. | ) | |
| | ) | |
| **FAMILY DOLLAR STORES OF KENTUCKY, LP, and** | ) | **DEFENDANTS** |
| Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| *Serve via Secretary of State* | ) | |
| | ) | |
| **REALTY INCOME PROPERTIES 29, LLC** | ) | |
| Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| *Serve via Secretary of State* | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Robin E. Gibson, by counsel, states as follows for Plaintiff's Complaint:

1. This case is a personal injury action for damages.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Robin E. Gibson ("Robin" or "Plaintiff") is a resident of Providence, Webster County, Kentucky.

3. Defendant Family Dollar Stores of Kentucky, LP, ("Defendant" or "Family Dollar") owned, controlled, or maintained the business or Store located at or on 111 US-41 ALT, Providence, Kentucky 42450. Defendant Family Dollar is a Foreign ULPA Limited Partnership and is authorized to do business in this Kentucky with a principal place of business at 500 Volvo

Parkway, Chesapeake, Virginia 23320, with a registered agent of Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. **Exhibit A.**

4. Defendant Realty Income Properties 29, LLC ("Defendant Realty Income") owns the real property located at 111 US-41 ALT, Providence, Kentucky 42450. Defendant Realty Income is a Foreign Limited Liability Company with a principal office of 11995 El Camino Real, San Diego, California 92130, with a registered agent of Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. **Exhibit B.**

5. Pursuant to 28 USC §1332(a), this Court has jurisdiction over the subject matter of this action because the amount in controversy between the parties exceeds $75,000.00, and the parties are all diverse from one another due to being residents or domiciled in three separate states.

6. Pursuant to 28 USC § 1391(b)(2), venue is proper in this Court under because a substantial part of the events or omissions giving rise to this action occurred in Providence, Webster County, Kentucky.

7. This action was filed within the applicable one (1) year statute of limitations.

## ACTIONABLE OCCURRENCE

8. The relevant real property and description, commonly known as and located at 111 US-41 ALT, Providence, Kentucky 42450, is attached as **Exhibit C** (referred to herein as "real property" or "premises").

9. On June 10, 2022, Defendants independently or jointly owned and operated a Family Dollar Store ("Store") on real property described in **Exhibit C**.

10. On June 10, 2022, the real property was under the ownership, control, and management of Defendant Realty Income.

11. On June 10, 2022, Defendant Family Dollar owned, operated, controlled, and managed the Store on the real property.

12. On June 10, 2022, the Family Dollar was open to the public for business.

13. On June 10, 2022, Robin (a member of the public) was authorized and permitted to be on the real property and in the Store.

14. On June 10, 2022, Robin used the real property as the Defendants intended.

15. On June 10, 2022, while on or in the real property, Robin was a business invitee of Defendants.

16. On June 10, 2022, a mat or rug caused Robin to fall.

17. Due to falling on June 10, 2022, Robin suffered serious injuries and damages.

## NEGLIGENCE OF DEFENDANTS

18. The averments in the Actionable Occurrence section are incorporated herein.

19. Defendants owed a duty to Robin, and all others on or in the real property and Store, to exercise ordinary care in maintaining the premises in a condition not to cause an unreasonable risk of harm to persons on or in the real property.

20. Defendants owed a duty to Plaintiff to keep the premises in a reasonably safe condition.

21. Defendants owed a duty to Plaintiff to discover dangerous conditions and to fix, safeguard, or adequately warn Plaintiff of such.

22. Defendants knew the mat or rug was on the Store's front step.

23. Defendants knew or reasonably should have known of the dangerous hazard or condition the mat or rug posed to the individuals visiting the Defendants' Store or premises.

24. Defendants should have known the hazard, defect, or condition was present and should have removed it from the Store's front step.

25. Defendants failed to exercise ordinary care in providing a Store entrance that was free from all designs, hazards, or employee created conditions.

26. Defendants should have expected Plaintiff to not see or understand the danger the mat or rug posed Plaintiff.

27. Defendants should have expected Plaintiff to not see the mat or rug.

28. Defendants had the duty to regularly inspect or maintain the store or real property was free of hazards, defects or dangerous conditions or design:

29. Plaintiff did not and could not discover the danger or hazard the mat or covered curb posed to Plaintiff in enough time to prevent Plaintiff from falling and suffering injury.

30. Defendants independently or jointly placed the hazard, defects, or condition that caused the Plaintiff to fall.

31. Defendants independently or jointly failed to correct the hazard, design, defect, or condition.

32. Defendants' independent or joint failure to exercise ordinary care in inspecting or maintaining the real property caused Plaintiff to fall.

33. Defendants failed to warn Plaintiff of the hazard, defect, or condition on the real property.

34. By exercise of ordinary care, Plaintiff did not and could not, discover the hazard, defect, condition or decision, in enough time to prevent Robin from being injured.

35. As a result of Defendants' independent or joint actions or omissions, Defendants breached all of the above duties.

36. Defendants' independent or joint negligence was a substantial factor in causing Robin to fall and suffer serious injuries and damages, which include but are not limited to (a) past, present, and future medical, hospital, rehabilitative expenses; (b) wage loss and diminished earning capacity; (c) past, present, and future physical and nonphysical pain and suffering; (d) court costs; and (e) and attorney's fees.

WHEREFORE, Plaintiff Robin E. Gibson demands judgment against Defendant Family Dollar Stores of Kentucky, LP and Defendant Realty Income Properties 29, LLC, jointly and severely, and as follows:

A. An amount of general and special damages in excess of the minimum jurisdictional amounts that are fair and reasonable, as established by the evidence;

B. Any relevant civil penalties.

C. Past, present, and future physical and nonphysical pain and suffering, mental anguish, and inconvenience;

D. Past, present, and future medical bills and expenses;

E. Reasonable attorney's fees;

F. Legal expenses and costs;

G. Pre-judgment and post-judgment interest;

H. Any and all other relief to which Plaintiff is entitled; and

I. Any and all supplemental and additional relief this Court determines to be reasonable, fair, and just. Lastly, Plaintiff requests a jury trial on all actions and counts in this Complaint, as so properly triable.

Respectfully filed on June 7, 2023,


/s/ Davin L. Shaw
FOREMAN • WATSON • HOLTREY, LLP
Davin L. Shaw, KBA #98595
1 North Main Street, Madisonville, KY 42431
Travis L. Holtrey, KBA #86224
530 Frederica St, Owensboro, KY 42301
P: 270-714-2500; F: 270-689-2335
*Counsel for Plaintiff*